IN THE UNITED STATE DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC ERPEL,                              §
                                         §
          Plaintiff,                     §    Cause. No. 1:20-CV-3935-SDG
                                         §
v.                                       §
                                         §
U.S. FREEDOM CAPITAL, LLC, et al         §
                                         §
          Defendants                     §

## JUDGE EMILY TOBOLOWSKY AND JUDGE DALE TILLERY'S SPECIAL APPEARANCE AND BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.
## INTRODUCTION

Plaintiff Eric Drake ("Drake") filed an Amended Complaint on September 29, 2020, alleging that Texas District Court Judges Emily Tobolowsky and Dale Tillery ("State Judicial Defendants") entered orders in violation of Drake's right to freedom of speech, right to assemble, right to petition, right to be free from unreasonable seizure, right to due process, and right to equal protection under the law in violation of the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Doc. 6, pp. 19-39, ¶¶ 56-116). Drake brings his civil rights claims under 42 U.S.C. §§ 1981, 1983, and 1988. Drake also seeks relief under 28 U.S.C. §§

2201, and 2202. (Doc. 6, pp. 4-6, ¶ 12-15). Drake's claims arise from two state-court proceedings currently pending in Dallas County, Texas.

The first lawsuit ("First Lawsuit") involves a dispute over the release of property from an assisted-living facility. (Doc. 6-1, pp. 6-7).[1] Drake claims the artwork and furniture he loaned a former resident of the assisted-living facility has been seized by the assisted-living facility. (Doc. 6-1, p. 6, ¶¶ 1-2; pp. 20-21); (Doc. 6, p. 22, ¶ 63). Drake is not party to the First Lawsuit. (Doc. 6-1, p. 10, ¶ 8). Judge Dale Tillery of the 134th Judicial District of Dallas County entered an order enforcing the arbitration clause contained in the assisted-living facility's Residency Agreement on September 18, 2020. (Doc. 6-1, p. 10, ¶ 8); (Doc. 6, p. 11, ¶ 31).

Defendants in the First Lawsuit, Adora 9 Operations, LLC and James H. Gross, subsequently filed an Application for Temporary Restraining Order ("Second Lawsuit") on September 18, 2020 after Drake allegedly hand-delivered threatening letters to their residence and left threatening voicemails which made them fear for their safety and well-being, and the safety and well-being of their

---

[1] *See* (Doc. 6-1, p. 10, ¶ 7) *Sherrie L. Cash and Maxine Cash v. Adora 9 Operations, LLC, Stonegate Management GP LLC and James H Gross*, No. DC-20-07375, 134th Dist. Ct., Dallas County, Texas.

children and family. (Doc. 6.1, pp. 10-11, ¶¶ 9-10).[2] Applicants in the Second Lawsuit petitioned the court to enjoin Drake from trespassing and threatening to trespass on their property. (Doc. 6.1, p. 12, ¶ 12). Judge Emily Tobolowsky of the 298th Judicial District of Dallas County granted the Application for Temporary Restraining Order on September 18, 2020. (Doc. 6.1, pp. 2-4). Judge Tobolowsky later granted the Request for Temporary Injunction on October 2, 2020.[3]

After the Temporary Restraining Order was entered, but before the Temporary Injunction was entered, Drake filed this current lawsuit in the Northern District of Georgia and now seeks to enjoin Texas District Court Judges, Judge Tillery and Judge Tobolowsky, from hearing the lawsuits pending in Dallas County or from communicating with him in any form or fashion. (Doc. 6, p. 10, ¶ 29); (Doc. 6, p. 11, ¶ 32). Drake also requests declaratory relief, compensatory damages, and attorney's fees. (Doc. 6, p. 3, ¶ 11)

---

[2] *See* (Doc. 6.1, pp. 2-4) *Adora 9 Operations LLC, James H. Gross v. Eric Von Drake*; No. DC-20-13508; 298th Dist. Ct., Dallas County, Texas.

[3] Defendants request this Court take judicial notice of the Temporary Injunction entered on October 2, 2020. *Adora 9 Operations LLC, James H. Gross v. Eric Von Drake*; No. DC-20-13508; 298th Dist. Ct., Dallas County, Texas.  By that order, Judge Tobolowsky set the trial of the matter for July 20, 2021.

Without submitting to personal jurisdiction (as none exists over the State Judicial Defendants), Judge Tillery and Judge Tobolowsky request this Court dismiss Drake's claims for the following reasons:

A.  This Court has no Personal Jurisdiction over Judge Tobolowsky or Judge Tillery;

B.  Drake's claims against Judge Tobolowsky and Judge Tillery in their official capacities are jurisdictionally barred by immunity, under the Eleventh Amendment;

C.  Drake's claims against Judge Tobolowsky and Judge Tillery in their individual capacities are barred by absolute Judicial Immunity;

D.  Drake's claims against Judge Tobolowsky and Judge Tillery are jurisdictionally barred by the *Younger* abstention doctrine;

E.  Drake fails to state a cause of action for which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12 (b)(1), if the court lacks personal jurisdiction, FED. R. CIV. P. 12 (b)(2), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12 (b)(6).

## A.  Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (internal quotation marks and citation omitted).

## B.  Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction is always a threshold determination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *See McElmurray v. Consol. Gov't of Augusta–Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).  "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the

purposes of the motion.' " *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In this sense, a facial challenge equips a plaintiff with safeguards similar to those afforded by a Rule 12(b)(6) motion for failure to state a claim and limits the court to a comparable scope of review. *See id.* Thus, when reviewing a facial attack on jurisdiction, the Court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See id.*; *see also Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "[T]hough a court considering a motion to dismiss generally accepts the non-moving party's allegations as true, a court is not required to credit 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.' " *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

## C.  Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

# III.
# ARGUMENT AND AUTHORITIES

**A.   DRAKE FAILS TO ESTABLISH PERSONAL JURISDICTION OVER STATE JUDICIAL DEFENDANTS.**

Drake does not identify any actions taken by Judge Tobolowsky or Judge Tillery ("State Judicial Defendants") that occurred in the State of Georgia, or that were in any way directed toward the State of Georgia; therefore, no personal jurisdiction exists. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1258; *see also* O.C.G.A. § 9–10–91.  This Court's exercise of jurisdiction will offend the traditional notions of fair play and substantial justice. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).

Drake must show that personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  "[T]he Due Process Clause requires 'that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (further internal citations omitted).

Here, Drake pleads no facts to suggest that State Judicial Defendants should reasonably anticipate being haled into this Court by Plaintiff.  (Doc. 6).  Indeed, Drake has alleged no facts occurring in the State of Georgia in his Complaint, other than his own claim of residence in the State of Georgia.  (Doc. 6, p. 14, ¶ 42).  Drake admits that all Defendants reside in Texas and do business in Texas.[4]

Additionally, Drake attached both the Application for the Temporary Restraining Order and the Order Granting the Temporary Restraining Order to the Amended Complaint that aver acts physically committed by him in Dallas County, Texas, occurring in September 2020. (Doc. 6.1, pp. 2-3, ¶3); (Doc 6.1, pp. 10-11, ¶¶9-10). Moreover, as is apparent from his Complaint, any actions taken involving State Judicial Defendants were taken pursuant to state court proceedings in Texas.[5]

---

[4] (Doc. 6, p. 9, ¶ 28; p. 11, ¶ 31) (Judge Tobolowsky and Judge Tillery are duly elected district judges whose chambers are in Dallas County, Texas).

[5] *See* (Doc. 6, p. 4, ¶ 14) ("TOBOLOWSKY violated Plaintiffs rights by signing an order on September 18, 2020"); *see also* (Doc. 6, p. 11, ¶ 31) ("Defendant Judge TILLERY signed an order on September 18, 2020, that sent the Plaintiffs property to arbitration, which the Defendant in that civil case wasn't even before the court properly.").

In sum, Drake fails to identify any contacts between State Judicial Defendants and the State of Georgia sufficient to establish personal jurisdiction. Accordingly, this complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

**B.    DRAKE'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY**

Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The question of whether an entity is an arm of the state "is ultimately a question of federal law…[b]ut the federal question can be answered only after considering provisions of state law." *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003).

As noted *supra*, Judge Tobolowsky is the presiding judge of the 298th Judicial District Court (Doc. 6.1, pp. 2-3) and Judge Tillery is the presiding judge of the 134th Judicial District Court in Texas (Doc. 6, p. 11, ¶31); (Doc. 2). These District Courts are arms of the State of Texas created by statute. *See* TEX. GOV'T CODE §§ 24.236 and 24.475.

Drake sued both judges in their official capacities under Section 1983. *See* (Doc. 6, p. 13, ¶ 39). Under Texas law, both Judge Tobolowsky and Judge Tillery,

as District Court Judges, are state officials entitled to Eleventh Amendment Immunity. *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity."); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) (same). Drake also admits State Judicial Defendants are state actors.[6]

Drake fails to establish valid waiver of Eleventh Amendment immunity for any of his claims. Section 1983 does not waive Eleventh Amendment immunity from suit. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Although Drake is seeking prospective injunctive relief, he does not allege facts from which the Court could conclude that any ongoing violation of his federal rights is occurring.  (Doc. 6).  At most, Drake makes "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" which are inadequate to defeat a motion to dismiss.  *See Warren Tech., Inc.*, 962 F.3d at 1328.

---

[6] *See* (Doc. 6, p. 13, ¶ 37) ("Additionally, the conduct of EMILY TOBOLOWSKY, Braxton Thompson, and DALE TILLERY, demands punitive damages. Without question, these state actors carried out actual "Malice" against Drake.").

Because Drake's claims against State Judicial Defendants in their official capacity are barred by the Eleventh Amendment, Drake's claims should be dismissed as a matter of law, pursuant to FED. R. CIV. P. 12(b)(1).

## C.   STATE JUDICIAL DEFENDANTS ARE ENTITLED TO JUDICIAL IMMUNITY

Judicial immunity also bars Drake's claims against State Judicial Defendants.  Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions).  "[J]udicial immunity can bar claims for injunctive relief as well as for damage." *Stevens v. Osuna*, 877 F.3d 1293, 1308 (11th Cir. 2017), citing *Bolin*, 225 F.3d at 1239.

Absolute immunity not only protects against liability but also against a case going to trial at all. *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). This includes protection from pretrial discovery.  *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in *Stump*: 1) whether

the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." *Id.* (quoting *Stump*, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." *Id.* at 916.

Drake expressly admits that actions taken by State Judicial Defendants were taken in their judicial capacity: "The acts complained of were carried out by the aforementioned Defendants Tobolowsky, Thompson, and Tillery in their capacities as judges…" (Doc. 6, p. 26, ¶ 77). The actions themselves were orders signed by the State Judicial Defendants.[7]  Further, Plaintiff provides a copy of the Petition invoking the jurisdiction of Judge Tobolowsky and the 298th District Court, a document which explains that Judge Tillery in the 134th District Court was presiding over a litigation between parties (which did NOT include Drake) and sent that case to arbitration.  (Doc. 6-1, p. 10, ¶ 8).  Drake's own letter proves that he was aware that Sherrie Cash, Plaintiff in the First Lawsuit, had invoked the jurisdiction of the 134th District Court and that the case was sent to arbitration.

---

[7] *See e.g.* (Doc. 6, p. 4, ¶14) ("TOBOLOWSKY violated Plaintiffs rights by signing an order…"); (Doc. 6, p. 9, ¶ 28) ("Defendant Judge Tobolowsky signed an order on September 18, 2020…"); (Doc. 6, p. 11, ¶ 31) ("Defendant Judge TILLERY signed an order on September 18, 2020 …").

(Doc. 6-1, pp. 6-7).  Drake's own exhibits conclusively show that the State Judicial Defendants did NOT act in the clear absence of jurisdiction. Drake's suggestion that Judge Tillery might have exceeded his authority by ordering the state court proceeding to arbitration is legally incorrect, as a matter of law, because a "judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

Thus, the Court should dismiss Plaintiff's claims against the State Judicial Defendants in their individual capacity under the doctrine of judicial immunity.[8]

## D.  DRAKE'S CLAIMS AGAINST STATE JUDICIAL DEFENDANTS ARE BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE

This Court should abstain from hearing Drake's petition for injunctive and declaratory relief because Drake is requesting that this Court interfere in ongoing

---

[8] Additionally, State Judicial Defendants, in their individual capacities, are entitled to qualified immunity to the extent that judicial immunity may not be applicable. Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001) (internal citations omitted). Plaintiff has not cited to any prior precedent to demonstrate State Judicial Defendants violated a clearly-established right that has a "sufficiently clear foundation in then-existing precedent" and would put a reasonable official on notice that their conduct violated any statutory or constitutional right.  *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018).

state court proceedings. *Younger* abstention is appropriate when (1) the federal dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding is implicated, and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).

Here, *Younger* abstention is proper. With respect to the first prong of the test, Drake admits that currently, litigation is ongoing and that this Court direct the proceedings in that state court litigation. (Doc. 6, p. 10, ¶ 29; 30) (Plaintiff requests the State Judicial Defendants be enjoined from hearing Plaintiff's civil cases). For the second prong, the Supreme Court has reiterated "States have important interests in administering certain aspects of their judicial systems" including "enforcing the orders and judgments of the States' courts." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 12–13 (1987); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997) (holding *Younger* abstention applies to claims for injunctive and declaratory relief that would enjoin state proceedings). Drake requests this Court enjoin state court proceedings and prohibit State Judicial

Defendants from communicating with Drake. [9] Drake's request for injunctive and declaratory relief would unnecessarily interfere in pending state court proceedings. For the third prong of the test, to overcome the presumption in favor of abstention, Plaintiff has the burden to show that he had no opportunity to litigate the federal issue in state court. *Texaco, Inc.,* 481 U.S. at 14.  As a matter of law, "Texas law is apparently as accommodating as the federal forum .... abstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*."  *Moore v. Sims,* 442 U.S. 415, 428, (1979). Drake fails to cite any attempt to raise his constitutional claims in state court, nor does he establish that he was not granted the full opportunity to raise constitutional challenges in state court.

Pursuant to the *Younger* doctrine, this Court lacks jurisdiction to consider Drake's requests for injunctive and declaratory relief that would disrupt ongoing state court proceedings. The claims should be dismissed as a matter of law, pursuant to FED. R. CIV. P. 12(b)(1).

---

[9] In fact, Drake does not suggest that the State Judicial Defendants have ever tried to communicate with Drake outside of the litigations pending before those state courts.

E.     **DRAKE FAILS TO STATE A CAUSE OF ACTION FOR ALL CLAIMS ALLEGED AGAINST STATE JUDICIAL DEFENDANTS (42 U.S.C. §§ 1983, 1981; 1988; & 28 §§ U.S.C. 2201; 2202)**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Drake does not allege facts from which the Court could infer liability on the part of the State Judicial Defendants. Because Drake fails to cite a viable cause of action for his civil rights violations, all claims against the State Judicial Defendants must be dismissed pursuant to Rule 12(b)(6).

**1.   Claims under 42 U.S.C. § 1983 (including § 1981 claims)**

Plaintiff's federal claims are all brought under 42 U.S.C. 1983. As a matter of law, all claims alleged under Section 1981 must be brought via Section 1983. *Jett v. Dallas Independent School District,* 491 U.S. 701, 731, (1989); *see also Butts v. Cty. of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000) (holding Section 1983 is the exclusive remedy against state actors for violations of Section 1981).

Despite Drake's conclusory opinions, there are no facts from which the Court could infer that either of the State Judicial Defendants violated Drake's rights under the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Doc. 6, pp. 19-39, ¶ 56-116).

Moreover, a state nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (holding a state court judge acting in his official capacity is not a "person" subject to suit under Section 1983). As discussed *supra*, it is undisputed that all State Judicial Defendants are acting as state officials under the arm of the State of Texas. As a matter of law, State Judicial Defendants in their official capacity are not "persons" under Section 1983.

Further, Section 1983 specifically prohibits Drake's request for injunctive relief. Section 1983 provides that "except that in any action brought *against a judicial officer* for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added).

Drake makes clear his Section 1983 claims arise from acts taken by the State Judicial Defendants in their official capacity.[10] Drake fails to show that a declaratory decree was violated or unavailable. (Doc. 6). See *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1322–23 (M.D. Ala. 2004) ("Where a plaintiff does not allege and

---

[10] *See* (Doc. 6, p. 4, ¶ 14; pp. 9-10, ¶ 28; p. 11, ¶ 31; pp. 17-18, ¶ 54; pp. 20-21, ¶ 62; p. 22, ¶ 65; pp. 23-24, ¶ 68; p. 24 ¶ 69; p. 27; ¶ 79; p. 28, ¶ 83; p. 29, ¶ 88).

the record does not suggest that the judicial defendant violated a declaratory decree or that declaratory relief was unavailable, judicial immunity requires dismissal of claims against judicial officers for actions taken in their judicial capacity even when the claims seek prospective injunctive relief."). Therefore, Drake's request for injunctive relief is prohibited as a matter of law by the text of Section 1983.

2. **42 U.S.C. § 1988**

Section 1988 does not provide an independent cause of action. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981) (holding Section 1988 does not create an independent cause of action for deprivation of constitutional rights). Additionally, Plaintiff is a pro se litigant and not entitled to recover attorney fees under Section 1988. (Doc 6., p. 45, ¶¶ 136-137); *Kay v. Ehrler*, 499 U.S. 432, 438 (1991); *Duncan v. Poythress*, 777 F.2d 1508, 1513-14 (11th Cir. 1985).

3. **28 U.S.C. §§ 2201 and 2202**

Finally, Drake's attempts to cite 28 U.S.C. § 2201 and 28 U.S.C. § 2202 as avenues for relief are equally unavailing. (Doc. 6, p. 4, ¶¶ 12-15). The statues provide a remedy, but there must be independent causes of action that establish jurisdiction. *See Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 n. 3 (1st Cir.2007) ("28 U.S.C. § 2201(a), created a remedy, not a cause of action"); *Okpalobi v. Foster*, 244 F.3d 405,

423 n. 31 (5th Cir.2001) (same); *Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp.

434, 436 (M.D. Ala. 1982) ("Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is a

remedial, not a jurisdictional, statute.") *see also Feingold v. Budner*, No. 08-80539-

CIV, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008).

## IV.
## CONCLUSION

Based on the foregoing, Defendants Judge Emily Tobolowsky and Judge

Dale Tillery respectfully request that this Court dismiss all of Drake's claims.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil
Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

/s/ Caroline A. Merideth
Caroline A. Merideth
Texas Bar No. 24091501
Assistant Attorney General
*Admitted Pro hac vice*
*ATTORNEYS FOR DEFENDANT EMILY*
*TOBOLOWSKY AND DALE TILLERY*

AND LOCAL COUNSEL

CHRISTOPHER M. CARR     112505
Attorney General

BRYAN M. WEBB           743580
Deputy Attorney General

SHALEN S. NELSON        636575
Senior Assistant Attorney General

/s/JASON S. NAUNAS
JASON S. NAUNAS         142051
Senior Assistant Attorney General
*Acting Only as Local Counsel*

PLEASE SEND ALL
COMMUNICATIONS TO
CAROLINE A. MERIDETH
Texas Bar No. 24091501
Assistant Attorney General
General Litigation Division-019
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
E-mail:  caroline.merideth@oag.texas.gov

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1D

By signature below, counsel certifies that this pleading is prepared in Book Antiqua, 13 pt. font, in compliance with Local Rule 5.1(C).

/s/Caroline A. Merideth
Caroline A. Merideth
Assistant Attorney General
Texas Bar No. 24091501

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing JUDGE EMILY TOBOLOWSKY AND JUDGE DALE TILLERY'S SPECIAL APPEARANCE AND BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system and by regular U.S. mail to the following pro se Plaintiff:

Eric Drake
PO Box 61023
Atlanta, GA  30306
(912) 281-7100
victorstems444@gmail.com

PLAINTIFF PRO SE

I further certify that all other parties who have entered an appearance have been served using the CM/ECF system.

This the 22nd day of October, 2020.

/s/Caroline A. Merideth
Caroline A. Merideth
Assistant Attorney General
Texas Bar No. 24091501