IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC ERPEL, | § | |
| | § | |
| Plaintiff, | § | Cause. No. 1:20-CV-3935-SDG |
| | § | |
| v. | § | |
| | § | |
| U.S. FREEDOM CAPITAL, LLC, et al | § | |
| | § | |
| Defendants | § | |

**REPLY BRIEF IN SUPPORT OF JUDGE EMILY TOBOLOWSKY AND JUDGE DALE TILLERY'S SPECIAL APPEARANCE AND MOTION TO DISMISS**

NOW COME Emily Tobolowsky and Dale Tillery ("State Judicial Defendants") and file this Special Appearance[1] and Reply Brief in Support of their Motion to Dismiss in the above styled case before this Honorable Court.

## I.
## INTRODUCTION

Plaintiff Eric Drake ("Drake") filed an Amended Complaint on September 29, 2020. (Doc. 6). Drake's claims arise from two state-court proceedings currently pending in Dallas County, Texas.

---

[1]  By filing this Reply Brief, the State Judicial Defendants do not intend to waive the arguments previously presented regarding this Court's lack of personal jurisdiction over them.

The State Judicial Defendants filed their Special Appearance and Motion to Dismiss on October 22, 2020.  (Doc. 9).  The State Judicial Defendants demonstrate how this Court lacks personal jurisdiction over them, lacks subject matter jurisdiction because of Judicial and Eleventh Amendment Immunity and the *Younger* abstention doctrine, and how Drake has failed to state a claim on which relief could be granted.  (Doc. 9).

Drake filed his Response to the Motion.  (Doc. 27).

Even after the filing of Drake's Response, the defects in Drake's lawsuit require dismissal, as a matter of law.

## II.
## UNOPPOSED REASONS FOR DISMISSAL

Although Drake makes broad conclusory statements about some of the reasons claims against Judge Tobolowsky and Judge Tillery must be dismissed, he presents neither legal authority nor any argument as to why the defenses do not require dismissal.

### A.     Lack of Minimum Contacts to Establish Personal Jurisdiction

Drake admits to this Court that jurisdiction is lacking and that the venue is improper by presenting a statement under penalty of perjury titled "Declaration of Eric Drake in Support of **Maintaining Improper Venue and Jurisdiction**." (Doc. 27, p. 125) (emphasis added).

2

Even in his Response (Doc. 27) Drake does not present this Court with allegations to suggest that any actions taken by Judge Tobolowsky or Judge Tillery establish minimum contacts with Georgia, or that their "conduct and connection with the forum State [be] such that [they] should reasonably anticipate being haled into court there." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (further internal citations omitted).

## B.    Judicial Immunity

Drake does not present any argument or legal authority related to Judicial Immunity, even in the section of his Response in which he opines that it should not apply.  (Doc. 27, pp. 13-15).  Instead, he argues (incorrectly) about Eleventh Amendment immunity, and never addresses judicial immunity. Drake is under the incorrect presumption that the Eleventh Amendment provides judicial immunity.  (Doc. 27, p. 13) "judicial immunity under the Eleventh Amendment"). However, as properly briefed by the State Judicial Defendants, judicial immunity is a separate immunity from suit depriving the Court of jurisdiction to entertain claims against them.  (Doc. 9-1, pp. 11-13).

**C.    Injunctive Relief is Unavailable against the State Judicial Defendants**

Drake does not dispute the fact that he cannot receive an injunction against the State Judicial Defendants by statute.  Section 1983 provides that "except that in any action brought *against a judicial officer* for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added).

**D.    Drake Abandons Claims under Federal Statutes**

Drake wholly abandons claims under 42 U.S.C. § 1988 and 28 U.S.C. §§ 2201 and 2202.  His Response fails to mention these arguments at all.  (Doc. 27).

### III.
### CONTESTED REASONS FOR DISMISSAL

Drake does dispute some of the reasons for dismissal proffered by the State Judicial Defendants, but he is incorrect in his conclusions.

**A.    Alternate Theories Which Do Not Justify the Exercise of Jurisdiction**

Drake's theories of the jurisdiction of this Court rest on two matters, neither of which actually supports this Court's exercise of jurisdiction over the State Judicial Defendants.

### 1.  Drake Claims Residency in Georgia

Drake repeatedly suggests his Georgia residency to this Court, but his own evidence conclusively demonstrates that he is actually in Texas, and not Georgia. For example, Drake executed his Declaration in the "State of Texas, County of Dallas" on November 16, 2020. (Doc. 27, p. 125).  Drake's Amended Complaint was postmarked that it was mailed to this Court from Dallas, Texas.  (Doc. 6.4). Drake physically presented his letter to Adora, dated six days before this lawsuit was filed, and it bears a Dallas, Texas address.  (Doc. 27, p. 87).  Further, the court hearings took place in Dallas, Texas.  (Doc. 27, pp. 51 and 66).  The orders that Drake complains of were issued in Dallas, Texas.  (Doc. 27, pp. 71 and 77).

There are, conversely, no facts to suggest that the State of Georgia was involved in any way.

### 2.  Drake Suggests *In Rem* Jurisdiction Supports this Venue

In his Response, Drake suggests that the Court should exercise *In Rem* jurisdiction over property that is undisputedly in Texas, and that should result in the exercise of jurisdiction over the State Judicial Defendants.  (Doc. 27, p. 7).  This is the exact opposite of the law. "If jurisdiction is based on the court's power over property within its territory, the action is called 'in rem' or 'quasi in rem.' The effect of a judgment in such a case is limited to the property that supports

5

jurisdiction and does not impose a personal liability on the property owner, since he is not before the court." *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) (footnote omitted).  This is predicated on the location of the property within the territory of the court.  *Id.*  Here, Drake admits that the property in question is in Dallas, Texas. (Doc. 6).  Drake admits that his alleged property was in the apartment of Ms. Cash in Dallas, Texas.  (Doc. 6, ¶ 50).

Thus, *in rem* jurisdiction, to the extent that it might exist, is at the location of the property, in Dallas, Texas.

Additionally, this Court cannot exercise *in rem* jurisdiction because, as Drake admits, that property is the subject of ongoing litigation in the Texas court system.  As a matter of law, a "state court and a federal court cannot simultaneously exercise *in rem* jurisdiction over the same property." *United States v. $270,000.00 in U.S. Currency, Plus Interest*, 1 F.3d 1146, 1147 (11th Cir. 1993) (per curiam), citing *Penn General Casualty Co. v. Commonwealth*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935) (citations omitted); *see also Kline v. Burke Construction Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) ( "[W]here the [in rem] jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.").

Here, it is uncontested that the property in question, along with the other contents of Ms. Cash's apartment, are part of the Texas state court litigation that was pending before this litigation.  (Doc. 6, ¶ 31).  Drake admits as much, saying "Emily's actions are directly related to the artwork that the Plaintiff owns…" (Doc. 27, p. 11, 18).  "[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *United States v. $270,000.00 in U.S. Currency, Plus Interest*, 1 F.3d at 1148 (quotation marks omitted); *see also Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980) ("The assumption of jurisdiction over an action *in rem* establishes a bar to any other action *in rem* or *quasi in rem* respecting the same property until the first court's jurisdiction is properly terminated").

Because the Texas state court exercised *in rem* jurisdiction over the contents of Ms. Cash's apartment in the litigation, this Court cannot also exercise *in rem* jurisdiction over the property in dispute.

## B.   Eleventh Amendment

Drake does not dispute the fact that the Eleventh Amendment bars his claims for monetary relief against the State Judicial Defendants in their official capacities.  (Doc. 27, pp. 13-15).  Instead, Drake argues that the *ex parte Young* doctrine allows an exception for prospective injunctive relief.  (Doc. 27, p. 14).

Because Drake has not alleged an ongoing violation of his Constitutional rights, the *ex parte Young* doctrine does not apply.  *See Friends of Everglades v. S. Fla. Water Mgmt. Dis*t., 570 F.3d 1210, 1215 (11th Cir. 2009) (stating that the *Ex Parte Young* doctrine permits "lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law").  Further, even if Drake had presented an ongoing violation, injunctive relief is not available against judges, under the explicit language of 42 U.S.C. § 1983, as discussed *supra*.

## C.    *Younger* Doctrine

Drake suggests, without any legal support, that the *Younger* doctrine applies mainly to criminal proceedings.  (Doc. 27, p. 5, ¶ 3).  The law is well established that the Supreme Court extended *Younger* abstention to the civil context when (1) the federal dispute involves an "ongoing state judicial proceeding,"(2) an important state interest in the subject matter of the proceeding is implicated, and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).  The *Younger* doctrine will apply to injunctive relief when "the federal injunction requested would create an 'undue interference with state proceedings.'" *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009), citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350,

359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).  All of these elements are present in Drake's lawsuit. Drake asks this Court to "permanently enjoin [the State Judicial Defendants] from hearing any of the Plaintiffs cases" (Doc. 6, p. 47), which is the ultimate in interference with the ongoing state proceedings. Drake presents neither alleged facts nor any legal authority to dispute the briefing presented by the State Judicial Defendants on the topic.  (Doc. 9-1, pp. 13-15).  Rather, Drake demonstrates the applicability of the *Younger* doctrine by attempting to relitigate the matters in this Court. (Doc. 27, pp. 4-12 and 18-22). This is legally impermissible.

## IV.
## CONCLUSION

Based on the foregoing, Defendants Judge Emily Tobolowsky and Judge Dale Tillery respectfully request that this Court dismiss all of Drake's claims.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil
Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

_/s/ Caroline A. Merideth_
Caroline A. Merideth
Texas Bar No. 24091501
Assistant Attorney General
*Admitted Pro hac vice*
*ATTORNEYS FOR DEFENDANTS EMILY*
*TOBOLOWSKY AND DALE TILLERY*

AND LOCAL COUNSEL

CHRISTOPHER M. CARR      112505
Attorney General

BRYAN M. WEBB                    743580
Deputy Attorney General

SHALEN S. NELSON             636575
Senior Assistant Attorney General

_/s/ Jason S. Naunas_
JASON S. NAUNAS              142051
Senior Assistant Attorney General
*Acting Only as Local Counsel*

PLEASE SEND ALL
COMMUNICATIONS TO
CAROLINE A. MERIDETH
Texas Bar No. 24091501
Assistant Attorney General
General Litigation Division-019
Office of the Attorney General
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
PHONE: (512) 463-2120
FAX: (512) 320-0667
E-mail:  caroline.merideth@oag.texas.gov

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1D

By signature below, counsel certifies that this pleading is prepared in Book Antiqua, 13 pt. font, in compliance with Local Rule 5.1(C).

/s/ *Caroline A. Merideth*
Caroline A. Merideth
Assistant Attorney General
Texas Bar No. 24091501

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF JUDGE EMILY TOBOLOWSKY AND JUDGE DALE TILLERY'S SPECIAL APPEARANCE AND MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system and by regular U.S. mail to the following pro se Plaintiff:

Certified Mail No. 7017 2680 0000 5255 0068
Eric Drake
PO Box 177
Duluth, GA  30096
(912) 281-7100
victorstems444@gmail.com
PLAINTIFF PRO SE

I further certify that all other parties who have entered an appearance have been served using the CM/ECF system.
This the 20th day of November 2020.

/s/ *Caroline A. Merideth*
Caroline A. Merideth
Assistant Attorney General
Texas Bar No. 24091501

11