UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DRAKE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No: |
| | ) 1:20-CV-03935-SDG |
| U.S. FREEDOM CAPITAL, LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS U.S. FREEDOM CAPITAL, LLC AND ADORA 9 OPERATIONS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM**

COME NOW Defendants U.S. FREEDOM CAPITAL, LLC ("Freedom Capital") and ADORA 9 OPERATIONS LLC ("Adora") (collectively, "Defendants") and, pursuant to Fed.R.Civ.P. 12(b)(2), respectfully submit this Motion to Dismiss for Lack of Personal Jurisdiction, showing the Court as follows.

## INTRODUCTION

Plaintiff initiated these legal proceedings based on his having "loaned some of his personal property to a friend's mother" living in the Adora Midtown in Dallas, Texas; and on Defendants' "refus[al] to allow the Plaintiff to enter the building to obtain his personal property." (Amended Complaint, ¶¶ 50-53).

Defendants Freedom Capital and Adora are Texas LLCs with principal places of business in Texas and this Court lacks personal jurisdiction over them in this matter. Defendants have no meaningful contacts with Georgia, have taken no intentional actions directed at Georgia; and they should not be required to come to a Georgia court to defend this case. As discussed more fully below, this Court should dismiss Plaintiff's claims.

## FACTS RELATING TO PERSONAL JURISDICTION

Freedom Capital is an investment manager and Adora is a portfolio company owned by an affiliate of Freedom Capital. (Declaration of Eleanor Brewer [Doc. 33-2], ¶ 5). Adora operates the "Adora Midtown," a skilled nursing/assisted living facility in Dallas, Texas. Both entities are Texas LLCs with principal places of business in Texas. (Brewer Decl. ¶ 6).

Plaintiffs "Original Petition" [Doc. 1] pleads no facts that would establish or even suggest this Court's personal jurisdiction with respect to Defendants. Neither does Plaintiff's Amended Complaint demonstrate personal jurisdiction. The "Amended Complaint" [Doc. 6] alleges that Freedom Capital and Adora are "Companies or individuals who reside in Texas, do[ ] business in Texas [and are] headquartered in Texas." (¶ 41).

The day-to-day operations of Freedom Capital and Adora, at all relevant times, have taken place in Texas. (Brewer Decl. ¶ 20).  Neither Freedom Capital nor Adora has a presence in Georgia and there is no transaction involving Drake that occurred in Georgia. (Brewer Decl. ¶ 17).  Freedom Capital and Adora have no offices, representatives, employees, officers, members, bank accounts or other financial accounts, sales agents or other agents in Georgia. (Brewer Decl. ¶ 18).

Neither Freedom Capital nor Adora has or maintains an address or post-office box in Georgia and neither is registered to do business in Georgia.  Neither entity pays taxes in Georgia or has real property in Georgia.  Neither has employees regularly visiting Georgia for business-related activities. Neither derives any (let alone substantial) revenue from Georgia and neither entity has purposefully directed operations in Georgia. (Brewer Decl. ¶ 19).

The "seiz[ure]" of Plaintiff's property alleged to have occurred happened at the Adora Midtown property in Dallas, Texas. ("Original Petition," ¶ 16; "Amended Complaint," ¶ 73).  The property at issue and the place where it was "seized" are in Dallas, Texas. ("Original Petition," ¶¶ 56-57, 62).

Defendants further note that Plaintiff's claim that this is "a diversity case" -- which would not address Defendants' arguments relating to lack of personal jurisdiction here -- is based on a false assertion.  Drake claims that he "is a resident

3

of Georgia, and has been for over 5-years." ("Original Petition," ¶ 42). Yet, Plaintiff's own demand letter to Defendants' Texas counsel on September 17, 2020 (attached to Plaintiff's filings) identifies Drake's address to be in Dallas, Texas. [Doc. 6-1, Page 6 of 23].

## ARGUMENT AND CITATIONS OF AUTHORITY

Plaintiff fails to establish personal jurisdiction over Freedom Capital and Adora and therefore his complaint should be dismissed. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc*., 593 F.3d 1249, 1257 (11th Cir. 2010). The Due Process Clause requires "that the defendant's conduct and connection with the forum State [be] such that [defendant] should reasonably anticipate being haled into court there." Id. at 1267, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).

Here, Drake pleads no facts to suggest that Defendants should reasonably anticipate being haled into this Court. Drake admits that all Defendants reside in Texas and do business in Texas. The alleged seizure of Plaintiff's property, the location of the property, and the place where the property was seized all occurred in or are in Texas. As discussed above, the record demonstrates no sufficient

contact with Georgia or other reason to justify subjecting Defendants to the personal jurisdiction of this Court in this matter. Accordingly, Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

## CONCLUSION

WHEREFORE, Defendants US Freedom Capital LLC and Adora 9 Operations LLC respectfully request that the Court grant their motion to dismiss for lack of personal jurisdiction.

This 24rd day of November, 2020.

/s/Christopher G. Moorman
Christopher G. Moorman
Georgia State Bar No. 521490

MOORMAN PIESCHEL, LLC
One Midtown Plaza, Suite 1205
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404)898-1242
(404) 898-1241 facsimile
cgm@moormanpieschel.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC DRAKE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No: |
| ) | 1:20-CV-3935-SDG |
| U.S. FREEDOM CAPITAL, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1 B, N.D.Ga.

/s/Christopher G. Moorman
Christopher G. Moorman
Georgia Bar No. 521490

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing DEFENDANTS U.S. FREEDOM CAPITAL, LLC AND ADORA 9 OPERATIONS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM with the Clerk of Court using the CM/ECF system which will automatically send email notification to such attorneys of record:

Carl H. Anderson, Jr.
Hawkins Parnell & Young LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243

Jason S. Naunas, Esq.
Georgia Attorney General's Office
Department of Law
40 Capitol Square, SW
Atlanta, GA 30334

and by sending a true and correct copy by electronic mail and by First Class U.S. Mail to Plaintiff at the following address:

Eric Drake
P.O. Box 177
Duluth, GA 30096

Eric Drake
P.O. Box 61023
Atlanta, GA 30306

Victorstems444@gmail.com

7

This 24th day of November, 2020.

        MOORMAN PIESCHEL, LLC

        /s/Christopher G. Moorman
        Christopher G. Moorman
        Georgia State Bar No. 521490

One Midtown Plaza, Suite 1205
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404)898-1242
(404) 898-1241 facsimile
cgm@moormanpieschel.com