UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case Number: 1:20-CV-3935 |
| | § | |
| U.S. FREEDOM CAPTIAL, LLC, et al. | § | |
| Defendants | § | |

**BRIEF IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT, ALLEN LANDERMAN, P.C.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6), FOR LACK OF PERSONAL <u>JURISDICTION, AND FOR LACK OF VENUE</u>**

TO THE HONORABLE STEVEN GRIMBERG, UNITED STATES DISTRICT COURT JUDGE:

Specially-Appearing Defendant Allen Landerman, P.C. ("Movant" or

Landerman"), files this Brief in Support of his MOTION TO DISMISS FOR

FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6), FOR LACK OF

PERSONAL JURISDICTION, AND FOR LACK OF VENUE pursuant to Rules

12(b)(2), 12(b)(3), and 12(b)(6), Federal Rules of Civil Procedure and moves that

this Court dismiss Plaintiff's complaint against movant Allen Landerman, P.C.

because—

- • Plaintiff fails to state a claim against Movant upon which relief can be granted;
- • this Court lacks personal jurisdiction over Movant; and
- • venue is not proper in this district.

*See* Fed. R. Civ. P. 12(b)(2), (3), and (6).

## FACTS:

This lengthy and wandering Complaint revolves around property that the Plaintiff apparently loaned or gave to a resident of an assisted living facility in Texas.  Plaintiff alleges that after the resident left the facility, Defendants refused to allow Plaintiff to retrieve his property from the facility and, in so doing, violated many of his civil rights.  (Amended Complaint ¶¶ 50-55.)

Plaintiff names Movant in Counts 1 and 2 of his eleven count Amended Complaint.[1]  The allegations in both Counts are essentially identical: Movant violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. §1983 by disregarding Plaintiff's right: to be free from unreasonable seizure of his property; to enjoy his property like white citizens; to petition, bring suits and give evidence like white citizens; to assemble and protest to be heard like white citizens; to have a random assignment of cases like white citizens, and to proceed with IFP if he does not have

---

[1] In the Amended Complaint, Plaintiff organizes his complaint into eleven separate counts, although "Count 8" and "Count 9" were numbered twice.  He specifically exempts Movant from Counts 3, 5, 6 and both Counts 9.  He names specific defendant for Counts 4 and both Counts 8, and Movant is not a named defendant of those counts.  Plaintiff does not name any defendants as to Count 7.

the filing fee.  (Amended Complaint ¶¶ 57-58.)   In Count two, he adds that Movant also violated his rights under the First Amendment of the United States Constitution and 42 U.S.C. §1981. *Id.* ¶¶60-61.

As addressed below, Plaintiff's matter is a Rule 8 "shotgun" pleading that fails to provide notice of the claims being asserted against Movant or facts in support of each claim.  It has been filed in a court with no personal jurisdiction over the defendants and in which venue is not proper.  This matter should be dismissed.

**A.     Plaintiff fails to state a claim against Movant upon which relief can be granted.**

Plaintiff's Complaint and Amended Complaint are Rule 8 "shotgun" pleadings in which it is virtually impossible to identify the claims and the facts to support each claim.  *Vibe Micro et. al v. Shabanets, et al.*, 878 F.3d 1291, 1295 (11th Cir. 2018) A pleading fails to state a claim upon which relief can be granted if it does not contain allegations that support a recovery under any recognizable theory. *Slawin v. Bank Of Am. Merch. Servs.*, ___F. Supp. 3d___, 2020 WL 5823155 (N.D. Ga. Sept. 2020). A complaint must allege facts sufficient to establish that the claim is plausible on its face. *See Paez v. Mulvey*, 915 F.3d 1276, 1292 (11th Cir. 2019). The plaintiff must allege facts that "raise the right to relief

above the speculative level." *Id.; Jacqueline Hill v. Equifax Info. Servs., LLC*, ___ F. Supp. 3d ___,  2020 WL 5814107, at *2 (N.D. Ga. Sept. 2020).  When a plaintiff fails to assert any facts sufficient to demonstrate a plausible claim, dismissal of that action is appropriate.  *See Alino v. Aerovias de Mexico,* 129 F.2s 1341 (S.D. FL 2000).

*1.  Plaintiff cannot maintain a claim against Movant, a private entity that is not a government actor, under the First and Fourth Amendments of the Constitution and under 42 U.S.C. § 1983.*

In Counts One and Two of his Complaint, Plaintiff asserts that Movant has violated his rights under the First and Fourth Amendments of the United States Constitution and under 42 U.S.C. § 1983.  To be successful under these claims, Plaintiff must show that this Movant, a private entity, qualifies as a state actor by exercising powers traditionally reserved by the state.  *Manhattan Community Access Corp. v. Halleck*, 129 S.Ct. 1921 (2019). A private entity can qualify for as a state actor under a few limited circumstances, such as when performing an exclusive public function, when compelled by the government to take a particular action, or when acting jointly with the government entity.  *Id.*

When a Plaintiff asserts a claim that cannot be remedied even if the Complaint were replead, a Court may dismiss those claims with prejudice.  Movant

is not a government official, nor has it acted as a government actor.  According to

Plaintiff's own brief and exhibits, Movant represented private parties in related

litigation in Texas. *See* Doc. 27, Exs. 2, 3, 9A at 99.    Plaintiff's claims must fail

because they cannot be maintained against a private entity.  *See, e.g., id*. (First

Amendment claim cannot be asserted against a private entity); *U.S. v Jacobsen*,

466, U.S. 109, 113-114, 104 S.Ct. 1652 (1984) (Fourth Amendment claims are

"wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by

a private individual not acting as an agent of the Government or with the

participation or knowledge of any governmental official.'...")(quotation omitted);

*Brino v. JFK Medical Center L.P. et al*, No. 18-1377 (11th Cir. Mar. 21, 2019)

(affirming dismissal of claims against two private entities where neither were

government actors)("A § 1983 claim allows recovery against a state official who,

acting in his individual, official capacity, denies one's rights under federal law.").

Even if Plaintiff filed a second Amended Complaint, the complaint could not

change these underlying facts.  Thus, this Court should dismiss these unsustainable

claims with prejudice.

    2.    *Plaintiff does not assert any facts that Movant took an action or
inaction that caused the violation of Plaintiff's rights.*

    While Plaintiff claims that Movant has violated his Constitutional rights, he

does not identify a single action taken by Movant that constitutes a violation of his rights.  He does not mention Movant's name even once in the factual recitation of the Amended Complaint. *See* ¶¶ 50-55.  Absent any facts demonstrating a plausible claim, this Court should dismiss Plaintiff's Amended Complaint against Movant. *See* Fed. R. Civ. P. 12(b)(6).

    *3.  Plaintiff has failed to satisfy the pleading requirements to allow him to maintain a claim under 42 U.S.C. § 1981.*

    Under 42 U.S.C. § 1981, claims may be maintained if a protected minority pleads and proves that, "but for race, [he] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. National Ass'n of African-Am.-Owned Media*, 589 U.S. ___, slip op. at 13 (2020).  The complaint itself must contain sufficient factual matter if, accepted as true, would state a claim for relief that is plausible on its face.  *Id.*  A claim that suggests that race is a "motivating factor" is insufficient.  *Id.* (rejecting the "motivating factor" test as the standard for relief under an § 1981 claim).

    Here, Plaintiff has asserted no facts that state a claim for relief against Movant.  Plaintiff asserts that he gave or loaned property to someone in a nursing home and that the nursing home refused to give him access to that property.  Nowhere does Plaintiff assert that Movant had any involvement with the nursing

home or the property inside the nursing home.  There are insufficient facts to conclude that, but for his race, Plaintiff would not have lost legally-protected rights due to Movant's action or inaction.  Having failed to assert a claim for relief, the Court should dismiss this §1981 claim as well.

**B.      This Court lacks personal jurisdiction over Movant.**

To maintain his action, Plaintiff must plead and prove that this Court has personal jurisdiction over Movant. *See Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000); *see also Diamond Crystal Brands, Inc. v. Food Movers Int'l Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). The exercise of personal jurisdiction by this Court over Movant must (1) be appropriate under Georgia's long-arm statute, and (2) comport with the requirements of due process. *See Rothschild & Co. Continuation Holdings A.G. v. Sklarov*, 440 F. Supp. 3d 1385, 1389 (N.D. Ga. 2020).

1.      <u>Georgia Long Arm Statute</u>.  *Rothschild* lays out a three-part test as to whether a court has jurisdiction under Georgia's long-arm statute:

- The defendant must have purposely transacted business within Georgia;
- The cause of action against the defendant must arise from the defendant's acts; and
- The exercise of jurisdiction over the defendant must not offend traditional notions of fairness and substantial justice.

*Id.* at 1392.  Jurisdiction only exists if a non-resident defendant *has purposefully done some act or consummated some transaction in this state…" Diamond*, 593 F.3d at 1260 (italics in original).  Transacting business is a precondition to long-arm jurisdiction independent from the federal due process analysis.  *Id.* at 1261.

Plaintiff fails to satisfy the first requirement by failing allege that Movant has ever purposely transacted business in Georgia.  Indeed, Movant is a Texas professional corporation with its only office in Dallas County, Texas. Allen Landerman, Movant's sole shareholder and only lawyer, is licensed to practice law in Texas, but not in Georgia. Neither Movant nor its employees have ever practiced law or otherwise transacted business for the Movant in Georgia.  See Declaration of Landerman, Ex. 1.

Plaintiff also fails to provide any allegation that this cause of action arose from the Movant's acts.  In the ten times Movant is mentioned in the 70-page Amended Complaint, at no point does Plaintiff state that Movant took or failed to take a specific act.  Movant's name is simply added to two causes of action without any factual allegation as to why.

Finally, Plaintiff does not explain how the exercise of jurisdiction over Movant comports with traditional notions of fairness and substantial justice. Under this third prong, a Court will, "evaluate [those] factors that impact on the

reasonableness of asserting jurisdiction, such as the burden on defendant, the

forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining

convenient and effective relief, the interstate judicial system's interest in obtaining

the most efficient resolution of controversies, and the shared interest of the states

in furthering substantive social policies." *Lima Delta Co. v. Global Aerospace,*

*Inc.*, 325 Ga. App. 76, 752 S.E.2d 135 (Ga. App. 2014) (*quoting ATCO Sign &*

*Lighting Co.*, 298 Ga. App. 528, at 534(1) (2009)).

No allegation by the Plaintiff suggests that Georgia is an appropriate

jurisdiction for the resolution of this controversy.  Movant does not conduct

business in Georgia, and neither Movant nor its employees live in Georgia. The

activities surrounding the controversy did not occur in Georgia, and any records

concerning these activities are not sited in Georgia. Without any ties to this State,

Georgia has no interest in adjudicating the outcome.

The sole party who finds Georgia to be a convenient jurisdiction is the

Plaintiff.  To the extent any claim exists, Plaintiff should seek a remedy in the

Northern District of Texas.  Unfortunately for Plaintiff, he has been declared a

vexatious litigant in that jurisdiction and is subject to filing restrictions. *See Drake*

*v. Travelers Commercial Insur. Co., et al.*, CV4:20-099, doc. 11 (S.D. Ga. June 24,

2020) (adopting Report and Recommendation, doc. 9, May 27, 2020) (discussion

of various districts in Georgia and in Texas where Plaintiff has been declared a

vexatious litigant), attached hereto as Exhibit 2.[2]   Plaintiff presumably filed this

matter in the Northern District of Georgia because he could not file it in the

Northern District of Texas.

      2.    <u>Due Process under the Fourteenth Amendment</u>.   Even though

Plaintiff cannot show that he is subject to the Georgia Long-Arm Statute, he can

still maintain his case in this jurisdiction if he can satisfy the two-part federal

minimum contacts analysis: has the defendant established certain minimum

contacts with the forum such that the suit does not offend "traditional notions of

fair play and substantial justice." *Diamond*, 593 F.3d at 1267 (*quoting*

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).  The

focus of the minimum contacts analysis is whether the Movant "deliberately

engaged in significant activities within a state or created continuing obligations

---

[2] Plaintiff has been declared a vexatious throughout Texas. S*ee, e.g. V. Drake v. 7 Eleven Inc.*, Case 4:19-cv-00208, Report and Recommendation, Doc 7, June 6, 2020.  (*citing Drake v. Travelers Indem. Co., et al.*, CV 2:11-318, doc. 11 at 6 (E.D. Tex. Mar. 16, 2012) (imposing a restriction of Drake's ability to proceed IFP without leave of court)), attached hereto as Exhibit 3; *Drake v. Safeway*, CV3:20-344, doc. 20 (N.D. Tex. April 13, 2020) (adopting Report and Recommendation, doc. 5, Feb. 14, 2020) (same)), attached hereto as Exhibit 4; *Drake v. Nordstrom Dept. Stores*, CV3:18-471, doc. 9 (N.D. Tex. Mar. 19, 2018) (adopting Report and Recommendation, doc. 5, Mar. 1, 2018) (imposing the sanction of the Eastern District of Texas), attached hereto as Exhibit 5.

with residents of the forum." *Id.* at 1268.  Using this realistic approach, the Court

must determine whether the Movant should reasonably anticipate facing suit in that

forum due to its affiliation with the forum.  *Id.* at 1269.

      Under the first prong of the analysis, Plaintiff must show that Movant

purposefully established contacts with Georgia and there is a sufficient nexus

between those contacts and this matter.  *Id.* at 1267.  Movant is a law firm that

does not practice Georgia law or represent clients in Georgia courts.  The law firm

concentrates its practice on Texas law in the State of Texas or in federal courts

with jurisdiction over Texas matters.  The facts forming the basis of this litigation

did not occur in Georgia and has no relation to any work performed by Movant in

Georgia.  Thus, Plaintiff fails to satisfy the first prong of the analysis.

      Plaintiff also fails to show that the exercise of this jurisdiction satisfies the

second prong of the analysis of "traditional notions of fair play and substantial

justice."  Here, Plaintiff must show that Movant made purposeful contacts with the

State of Georgia such that it could anticipate being hailed into a Georgia court.  *Id.*

at 1270.  These contacts with Georgia must be deliberate and not simply random or

fortuitous.  *Id.*

      Again, Plaintiff has made no allegations that the activities forming the basis

of this matter occurred in Georgia. Movant does not conduct transactions in

Georgia and has not availed itself of the protections of Georgia law.  Thus, Movant cannot anticipate being hailed into a Georgia Court.

Plaintiff failed to satisfy any of the requirements under the Georgia Long-Arm Statute or under the Fourteenth Amendment Due Process analysis that would give this Court has personal jurisdiction over Movant.  This Court should dismiss all claims asserted against Movant for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

## C.   Venue is not proper in this district.

Venue is proper in the district in which —

(1)    any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    any defendant is subject to the court's personal jurisdiction with respect to such action, but only if there is no district in which an action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiff asserts that venue is proper in this district because he, himself, resides in this district. [3] But Plaintiff does not allege that any defendant resides in

---

[3] Plaintiff may not be a resident of this District. *See* Defs. U.S. Freedom Capital, LLC and Adora 9 Operations LLC's Motion to Dismiss for lack of Personal

this district. Plaintiff provides the factual basis of this action in paragraphs 50–55 (pp. 16–18) of his Amended Complaint. All of the events or omissions alleged in these paragraphs (or anywhere else in the complaint for that matter) occurred in Dallas, Texas. Finally, Plaintiff alleges that the personal property which he seeks is located in Dallas, Texas. Clearly, this case should have been filed in Texas. As mentioned above, Texas courts have deemed Plaintiff a vexatious litigant who must now seek special dispensation before filing a lawsuit. *See, supra pp 6-7; see also, Matter of Drake*, No. 2:18-CV-00400-JRG, 2018 WL 9392517, at *1 (E.D. Tex. Oct. 4, 2018) ("Plaintiff has previously been found to be a vexatious litigant having filed numerous frivolous lawsuits in both this District and other districts across the United States."). For whatever reason, he did not obtain that dispensation and filed the matter in a court in which venue does not lie.

Proper venue is not determined by a Plaintiff's residence. Therefore, since Plaintiff fails to allege that any defendant resides in this district, venue is not proper here under paragraph (1) of 12 U.S.C. § 1391(b). Additionally, since none of the events or omissions giving rise to Plaintiff's claim and since none of the property that is the subject of the action is situated in this district, venue is not

---

Jurisdiction and Incorporated Memorandum at 3-4; Footnote 3 of the Magistrate's Report and Recommendation in Cause CV4:19-208 attached Exhibit 2 to this Motion.

proper under paragraph (2) of § 1391(b). *See id.* § 1391(b)(2). Finally, since this action could properly be brought in the northern district of Texas, venue is not proper in this district under paragraph (3) of § 1391(b). *See id.* § 1391(b)(3). Therefore, since § 1391(b) does not support venue in this district, this Court should dismiss Plaintiff's entire complaint for lack of venue. *See* Fed. R. Civ. P. 12(b)(3).

## Prayer for Relief

Movant asks this Court to dismiss Plaintiff's claims against Movant with prejudice pursuant to Rule 12(b)(6) so as to prevent this vexatious litigant from forcing Movant to defend against a similar frivolous complaint in a different district.

Alternatively, Movant asks this Court to dismiss the claims asserted under the First and Fourth Amendments of the Constitution and under 42 U.S.C. §1983 with prejudice because they cannot be remedied even of the complaint is replead. Additionally, Movant asks that the rest of the Complaint be dismissed for lack of personal jurisdiction and improper venue.

Respectfully submitted this 25th day of January, 2021.

WEINBERG ELDER LAW, LLC.

/s/ Diane B. Weinberg
Diane B. Weinberg, Esquire
Ga. Bar No. 501202
Attorney for Allen Landerman, P.C.

10 Glenlake Parkway, Suite 130
Sandy Springs, GA  30328
404-969-5648 / 404-393-9579 (facsimile)
Diane@WeinbergElderLaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action File No: |
| | § | 1:20-CV-3935-SDG |
| U.S. FREEDOM CAPTIAL, LLC, et al. | § | |
| Defendants | § | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local rule 7.1., N.D.Ga., the above signatory attorney certifies that this pleading was prepared with Times New Roman (14 point), of the fonts and points selections approved by this Court in Local Rule 5.1 B, N.D.Ga.

Respectfully submitted this 25th day of January, 2021.


WEINBERG ELDER LAW, LLC.


/s/ Diane B. Weinberg_____
Diane B. Weinberg, Esquire
Ga. Bar No. 501202
Attorney for Allen Landerman, P.C.

10 Glenlake Parkway, Suite 130
Sandy Springs, GA  30328
404-969-5648 / 404-393-9579 (facsimile)
Diane@WeinbergElderLaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action File No: |
| | § | 1:20-CV-3935-SDG |
| U.S. FREEDOM CAPTIAL, LLC, et al. | § | |
|     Defendants | § | |

## **CERTIFICATE OF SERVICE**

COMES NOW COUNSEL for Specially Appearing Defendant Allen

Landerman, P.C., and CERTIFIES that she electronically filed the foregoing

BRIEF IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT ALLEN

LANDERMAN, P.C.'S MOTION TO DISMISS FOR FAILURE TO STATE A

CLAIM UNDER RULE 12(b)(6), FOR LACK OF PERSONAL JURISDICTION,

AND FOR LACK OF VENUE with the Clerk of Court using the CM/ECF system

which will automatically send email notification to such individuals and attorneys

of record:

Eric Drake
P.O. Box 60123
Atlanta, GA  31419
   -   And -
P.O. Box 177
Duluth, GA  30096
*Plaintiff*

Carl H. Anderson, Jr., Esq.
Hawkins Parnell & Young LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, GA  30308-3243
*Counsel for Specially-Appearing*
*Defendant Stonegate management, GP,*
*LLC*

Caroline Meredith, Esq.
Assistant Attorney General
General Litigation Division-019
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
*Counsel for Defendant Emily*
*Tobolowsky and Dale Tillery*

Jason S. Naunas. Esq.
Senior Assistant Attorney General
Attorney General's Office – Atlanta
40 Capital Square, SW
Atlanta, GA  30334
*Counsel for Defendant Emily*
*Tobolowsky and Dale Tillery*

Christopher G. Moorman, Esq.
Moorman & Pieschel, LLC
One Midtown Plaza, Suite 1205
1360 Peachtree St, NE
Atlanta, GA  30309
*Counsel for Defendant U.S. Freedom*
*Capital LLC and Adora 9 Operations*
*LLC*

Counsel also certifies that she has served the following by email and by U.S. First Class mail, proper postage prepaid and addressed to the following party at his address of record:

Eric Drake
P.O. Box 60123
Atlanta, GA  31419
-   And -
P.O. Box 177
Duluth, GA  30096

Victorstems444@gmail.com

*Plaintiff*

Respectfully submitted this 25th day of January, 2021.

WEINBERG ELDER LAW, LLC.

/s/ Diane B. Weinberg_____
Diane B. Weinberg, Esquire
Ga. Bar No. 501202
Attorney for Allen Landerman, P.C.

10 Glenlake Parkway, Suite 130
Sandy Springs, GA  30328
404-969-5648 / 404-393-9579 (facsimile)
Diane@WeinbergElderLaw.com